IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVON EMILIO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3027 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| NEBRASKA DEPARTMENT OF | ) | **AND ORDER** |
| CORRECTIONAL SERVICES, | ) | |
| FRED BRITTEN, Warden, TAN, | ) | |
| Case Manager, and SAWYER, Case | ) | |
| Worker, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

  Plaintiff, an inmate at the Lincoln Correctional Center, has filed a document entitled "Complaint" which refers to a non-existent motion for a restraining order. (Filing 1 at CM/ECF p. 4.) Attached to the Complaint is a form "Restraining Order" setting a hearing and ordering that defendants Tan and Sawyer be "restrain[ed] from coming in contact with plaintiff his property and living location." (Filing 1 at CM/ECF p. 5.) Plaintiff's Complaint generally alleges that defendants Tan and Sawyer injured Plaintiff on December 7, 2016, causing "small cuts, scrapes, large to medium bruces [sic] on hand and forearms and injury to his right index finger"; that Plaintiff received deficient medical treatment to remedy his injuries; that Plaintiff is being denied access to legal material; and that Plaintiff is being retaliated against due to his complaints about excessive force. (Filing 1 at CM/ECF pp. 1-4.)

  To the extent Plaintiff's Complaint and assorted attachments can be construed as a motion for a temporary restraining order, such motion shall be denied. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the

movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b). Plaintiff has filed what he labels an "affidavit," but it is not "reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath," *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal quotation marks and citation omitted), nor is it "subscribed by him, as true under penalty of perjury." 28 U.S.C. § 1746.

Further, Plaintiff has not addressed the factors the district court should consider when determining whether to grant a motion for preliminary injunctive relief. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) ("[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.").

Finally, on March 6, 2017, the court ordered Plaintiff to submit a $400.00 filing fee or submit a request to proceed in forma pauperis within 30 days. (Filing 6.) Plaintiff has yet to comply with this order. No further review of this case will take place until Plaintiff does so.

IT IS ORDERED that to the extent Plaintiff's Complaint and attachments (Filing 1) can be construed as a motion for a temporary restraining order, such motion is denied.

DATED this 9th day of March, 2017.

                                  BY THE COURT:
                                  s/ *Richard G. Kopf*
                                  Senior United States District Judge